## VOLUME 138

## CASES ARGUED AND DECIDED IN THE SUPREME COURT OF LOUISIANA

### AT TERM BEGINNING FIRST MONDAY OF OCTOBER, 1915

(69 South. 853)

No. 20200.

AMERICAN LUMBER CO. v. DAY BRICK & LUMBER CO.

(Oct. 18, 1915.)

*(Syllabus by Editorial Staff.)*

CORPORATIONS ⬡⟿553 — RECEIVER—APPOINT-MENT—GROUNDS.

Where plaintiff lumber company proved that it was a creditor of defendant lumber company; that defendant was insolvent; that its officers had lost interest in the management of its property and had practically abandoned it—a case was made out for the appointment of a receiver to take charge of such property for the creditor's benefit.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2201–2216; Dec. Dig. ⬡⟿553.]

Appeal from Twenty-Fifth Judicial District Court, Parish of Tangipahoa; Robert S. Ellis, Judge.

Suit by the American Lumber Company against the Day Brick & Lumber Company, for the appointment of a receiver and for an injunction. From a decree for defendant, plaintiff appeals. Reversed and remanded, with directions.

Mark M. Boatner, of New Orleans, A. W. Spiller, of Hammond, B. E. Kemp, of Amite (Titche & Rogers, of New Orleans, of counsel), for appellant. Purser & Magruder, of Amite, for appellee.

PROVOSTY, J. The plaintiff company, lumber dealers in Chicago, made a contract with the defendant company, operating a sawmill in the parish of Tangipahoa, in this state, by which plaintiff was to furnish $2,-000 to defendant, and thereafter was to make advances to defendant at the rate of $9 per thousand feet of lumber stacked on the yard of defendant's sawmill; and, in order to secure these advances, defendant was to make at once a bill of sale of the lumber then on defendant's yard, and was, every two weeks thereafter, to make bills of sale to plaintiff of the lumber thereafter manufactured and stacked on the yard, and by

138 LA.—1

which the lumber was to be shipped to plaintiff, and was to be sold by plaintiff on a commission.

For the purposes of the case, it will suffice to say that defendant seems to have been hard up for money all the time for operating the mill, and to have soon begun to call for, and obtain, money in anticipation of its being due under the contract, and soon also to have realized that the business was a losing one, and to have lost interest in it; and that just prior to the filing of this suit defendant advised plaintiff that it was about to dismantle the sawmill, and that unless plaintiff furnished money at once to pay the employés on the lumber yard, the latter would bring suit and seize the lumber there stacked, of which a bill of sale had been made to plaintiff; and that the evidence shows also that defendant was disposing of part of the lumber in violation of the contract; and that all this led the plaintiff to bring the present suit, which is for the appointment of a receiver, and for an injunction in the meantime to prevent the lumber from being disposed of.

The case was submitted without oral argument, and defendant has filed no brief, although requested to do so. This failure of defendant to make a presentation of its side of the case may be accounted for only on one of two suppositions: It may be from indifference to the result; or it may be from confidence of the case being so plain as not needing to be argued. If the latter, then all we can say is that the defendant must understand the case differently from what we have been able to gather from the record, because a more involved and complicated case on the facts it has seldom been our ill fortune to encounter.

We think plaintiff has proved that it is a creditor of the defendant company, as alleged in its petition; that the defendant company is insolvent; that the officers of the defendant company have lost interest in the management of the property of the defendant company, and practically abandoned it; and that therefore a receiver should be appointed.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be set aside; and that the injunction herein sued out be reinstated and perpetuated; and that this case be remanded, with instructions to the judge of the lower court to appoint a receiver as prayed in plaintiff's petition; and that the defendant pay the costs of this suit.